UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THE UNITED STATES OF AMERICA                              04-CR-331E

            -vs-                                                  MEMORANDUM
                                and
ROGER FIRESTIEN,                                           ORDER[1]

               Defendant.

_____


       Defendant Roger Firestien ("Firestien" or "defendant") was charged in a

six-count indictment with tax evasion and making a false statement in violation

of 26 U.S.C. §§7201 and 7206(1).  On May 19, 2006 Firestien appeared before the

Court and entered a plea of guilty to Count III of the indictment (willful attempt

to evade and defeat a large part of the income tax due and owing for tax year

1998).  Pending before the Court are Firestien's objections to the United States

Sentencing Guidelines ("USSG" or "Guidelines") calculations set forth in the

Presentencing Investigation Report ("PSR").  Firestien objects to the amount of

loss and base offense level calculated in the PSR and also objects to a two-level

enhancement for "sophisticated concealment" pursuant to USSG 2T1.1(b)(2).[2]  The

_____

[1]This decision may be cited in whole or in any part.

[2]All references are to the 1998 Guidelines Manual.

parties appeared before the Court on November 3, 2006[3] and November 29, 2006[4] arguing their respective positions.

Firestien argues that only the amount of tax loss for tax year 1998 is relevant to calculating his base offense level because he pled guilty only to an offense covering tax year 1998 and because the government agreed to dismiss the charges arising from tax years 1999 through 2001.  Firestien argues that his 1998 tax return — and only that return — contains a "phantom deduction" to which he concedes he was not entitled.  Firestien argues that losses for tax years 1999 through 2001 should not be included in determining his base offense level because the government cannot prove that he willfully evaded taxes in those years as he held a legitimate belief that the conduct in which he engaged was legal.

The government argues, and the PSR concluded, that the relevant amount of tax loss included $48,126 for tax year 1998, as well as an additional $108,576 for tax years 1999 through 2001, because Firestien utilized the same scheme during

_____

[3]At the conclusion of the November 3, 2006 argument, the Court indicated its intention to impose a sentence of 15 months' incarceration and a fine of $5,000 and a 2 year term of supervised release.  The transcript of the November 3, 2006 proceeding was filed on December 19, 2006.

[4]At the November 29, 2006 argument, counsel for Firestien argued, in light of the Court's earlier indication as to the likely sentence in this case, that the Court should impose a non-Guidelines sentence of probation.

all of those tax years in order to evade income tax.  In support, the government

cites to Application Note 2 of USSG 2T1.1 which states:

> "In determining the total tax loss attributable to the offense ***, all
> conduct violating the tax laws should be considered as part of the
> same course of conduct or common scheme or plan unless the
> evidence demonstrates that the conduct is clearly unrelated.  The
> following examples are illustrative of conduct that is part of the same
> course of conduct or common scheme or plan: (a) there is a
> continuing pattern of violations of the tax laws by the defendant; (b)
> the defendant uses a consistent method to evade or camouflage
> income ***."

USSG 2T1.1, Application Note 2.  The government argues that all losses stemming

from the use of the scheme — regardless of Firestien's belief in its legality — are

properly included in the calculation of tax loss to determine his base offense level.

The Court finds that the tax losses for 1999 through 2001 are related to the

offense to which Firestien pled guilty and, accordingly, are properly considered

in determining his base offense level.  As Firestien does not challenge the amount

of those losses as asserted by the government, the Court finds that the total

amount of tax loss is $156,702, resulting in a base offense level of 15.

Firestien next argues that the Court should not apply a two-level

enhancement to his base offense level pursuant to USSG 2T1.1(b)(2) because he

did not utilize "sophisticated concealment" in perpetrating the instant offense.

As the government notes, the Guidelines provide examples of conduct

constituting sophisticated concealment, including the use of off-shore accounts.

Specifically, Application Note 4 of USSG 2T1.1 states:

> "For purposes of [2T1.1](b)(2), 'sophisticated concealment' means especially complex or especially intricate offense conduct in which deliberate steps are taken to make the offense, or its extent, difficult to detect.  Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore accounts ordinarily indicates sophisticated concealment."

USSG 2T1.1, Application Note 4.  In participating in this scheme, Firestien established shell corporations under Nevada law and also utilized bank accounts in Costa Rica.  Notwithstanding Firestien's argument that he was informed of the steps to take through the Anderson Ark program, the fact remains that Firestien took affirmative action to set up the shell corporations and utilize the Costa Rican accounts.  The Court concludes that the two-level enhancement for sophisticated concealment is appropriate.

Thus, the Court concludes that the base offense level should be 15, that a two-level enhancement should be added for sophisticated concealment, and that Firestien should receive a three-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 14.  With Firestien's criminal history category of I, the applicable Guidelines range is 15 to 21 months imprisonment.

Finally, Firestien has moved this Court for the imposition of a non-Guidelines sentence of probation.   Firestien argues that he relied on the representations of Anderson Ark that the programs he purchased were legal.  He also asserts that he relied on his own accountant who told him that the programs would survive an audit.[5]  In short, Firestien contends that he is merely a victim of Anderson Ark and should not have to serve time in prison.[6]

After considering all of the factors contained in 18 U.S.C. §3553(a) and all of the argument by counsel, the Court concludes that a Guidelines sentence is appropriate in this case.  While the defendant has no prior criminal history and is a well-respected college professor, the seriousness of the crime to which he has pled guilty and the sophisticated means he utilized in order to commit the offense, weigh in favor of a Guidelines sentence.  This defendant, utilizing a program he purchased from Anderson Ark & Associates set up several shell corporations, sent payments to those corporations for fictitious business expenses knowing that such funds would be placed in a trust account in Costa Rica, and thereafter obtained access to those same funds via an ATM card.  The Court concludes that

---

[5]Firestien did not solicit the advice of his accountant until he had already enrolled in the program.

[6]Firestien argues that he will lose his job and his pension if he is sentenced to a term of imprisonment; however, on November 3, 2006 Firestien suggested that the Court impose a sentence by which Firestien would serve his prison term during the summer months and be free to continue teaching during the academic year.  Thus, it appears that Firestien would not necessarily lose his job should he be sentenced to a term of incarceration.

the seriousness of the crime as well as the need to deter others from committing similar crimes weighs in favor of a Guidelines sentence.

Accordingly, the parties shall appear on Friday, February 2, 2007 at 1:00 p.m., at which time — in light of the numerous arguments already heard in this matter — counsel will be permitted to make brief introductory statements[7], the Court will hear from Mr. Firestien, if he so chooses to address the Court, and the Court will impose sentence.

DATED:    Buffalo, N.Y.

        January 19, 2007

_____
        /s/ John T. Elfvin
        JOHN T. ELFVIN
        S.U.S.D.J.

---

[7]Counsel for the government will be permitted to place on the record satisfaction of any other requirements of Rule 32 of the Federal Rules of Criminal Procedure as it deems necessary.